**WO**                                                                                                   RP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rodney D. Moore,<br><br>  Petitioner,<br><br>vs.<br><br>Dora Schriro, et al.,<br><br>  Respondents. | No. CV-05-3285-PHX-JAT (BPV)<br><br>**ORDER** |

On October 19, 2005, Rodney D. Moore (Petitioner), presently confined in the Gila Unit of the Arizona State Prison Complex in Douglas, Arizona (ASPC-Douglas), filed with the Clerk of the Court a pro se "Petition For Writ Of Habeas Corpus By A Person In State Custody Pursuant To 28 U.S.C. § 2254 (Non-Death Penalty)" (Document #1) (Petition). The five dollar ($5.00) filing fee was paid.

Because the Court was unable to clearly ascertain how many grounds Petitioner was attempting to allege in his Petition, the Court, by Order filed October 31, 2005 (Document #3), dismissed the Petition without prejudice, with leave to amend, in order for Petitioner to file an amended petition on a fully completed Court-approved form.

**AMENDED PETITION**

On November 10, 2005, Petitioner filed his "Amended Petition" (Document #4) (Amended Petition). Petitioner should take notice that by filing an Amended Petition, he is

**TERMPSREF**                                            - 1 -

presumed to have deliberately waived his right to raise any constitutional errors or deprivations other than those set forth in his Amended Petition. 28 U.S.C. §2244(b)(2).[1] Petitioner should also take notice that all grounds alleged in his original Petition which are not alleged in his Amended Petition are waived. Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990) ("an amended pleading supersedes the original"); King v. Atiyeh, 814 F.2d 565 (9th Cir. 1987).

Named as Respondent in the Amended Petition is Dora Schriro, Director of the Arizona Department of Corrections (ADOC). (Amended Petition at 1). Terry Goddard, Attorney General of the State of Arizona, is named as an Additional Respondent. Id.

In his Amended Petition, Petitioner challenges his January 30, 2001 judgment of conviction for Attempted Sale of a Narcotic Drug with one (1) prior, entered in the Maricopa County Superior Court in matter CR 2000-014762. (Amended Petition at 1).

Petitioner presents two (2) grounds in his Amended Petition in support of his request for habeas relief:

I. "The Petitioner's Aggravated Sentence Violates the 5th[], 6th[,] And 14th Amendments of the Unites States Const.," (Amended Petition at 5);

II. "The Petitioner was Constructively Denied his Right to Counsel in Violation of the 6th and 14th Amendments of the United States Constitution," (Amended Petition at 6).

Petitioner alleges that the issues in both of his grounds were presented to the Arizona Court of Appeals and that the issues are exhausted. (Amended Petition at 5-6).

A review of the Amended Petition indicates that an answer is required. 28 U.S.C. § 2254(a).

---

[1] Title 28 U.S.C. §2244(b) (as amended by the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L.No. 104-132, 110 Stat. 1214 (1996)) states that a District Court shall dismiss a claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application, except under certain circumstances. Furthermore, under 28 U.S.C. §2244(b)(3)(A)(1996), before a second or successive application is filed in the district court, the applicant shall move in the court of appeals for an order authorizing the district court to consider the application.

**TERMPSREF** - 2 -

**RULE 41 (b) WARNING**

Petitioner is warned that if he fails to timely comply with every provision of this Order, or any order of the Court entered in this matter, the action will be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. See Ferdik v. Bonzelet, 963 F.2d 1258 (9th Cir.) (District Court may dismiss action for failure to comply with any order of the Court), cert. denied, 506 U.S. 915 (1992).

**IT IS THEREFORE ORDERED:**

(1) That a copy of the "Amended Petition" (Document #4) (Amended Petition) and this Order be SERVED by the Clerk of the Court upon the Respondent and the Additional Respondent by certified mail pursuant to Rule 4, Rules Governing Section 2254 Cases;

(2) That Respondents ANSWER the Amended Petition within forty (40) days of the date of service. Respondents shall not file a dispositive motion in place of an answer, but may file an answer limited to relevant affirmative defenses, including but not limited to, statute of limitations, procedural bar, or non-retroactivity. If the answer is limited to affirmative defenses, only those portions of the record relevant to those defenses need be attached to the answer. Failure to set forth an affirmative defense in an answer may constitute a waiver of the defense. See Nardi v. Stewart, 354 F.3d 1134, 1140-41 (9th Cir. 2004); see also Morrison v. Mahoney, 399 F.3d 1042, 1045-47 (9th Cir. 2005). If not limited to affirmative defenses, the answer shall fully comply with all of the requirements of Rule 5 of the Rules Governing Section 2254 Cases;

(3) That Petitioner MAY FILE a reply within thirty (30) days from the date of service of the answer;

(4) That a clear, legible copy of every pleading or other document filed SHALL ACCOMPANY each original pleading or other document filed with the Clerk for use by the District Judge or Magistrate Judge to whom the case is assigned. See Rule 5.4, Local Rules of Civil Procedure (LRCiv). **Failure to submit a copy along with the original pleading or document will result in the pleading or document being stricken without further notice to Petitioner**;

**TERMPSREF** - 3 -

(5) That Petitioner SHALL SERVE upon Respondents, or if appearance has been entered by counsel, upon the attorney, a copy of every further pleading or other document submitted for consideration by the Court. Petitioner shall include with the original document and copy, to be filed with the Clerk of the Court, a certificate stating the date a true and correct copy of the pleading or document was mailed to Respondents or the counsel. Any paper received by a District Court Judge or Magistrate Judge which has not been filed with the Clerk of the Court may be disregarded by the Court;

(6) That at all times during the pendency of this action, Petitioner SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date, except that if Petitioner has been released from custody, the notice should so indicate. The notice shall not include any motions for any other relief. Petitioner shall serve a copy of the notice on all opposing parties. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b);

(7) That this matter is REFERRED to Magistrate Judge Bernardo P. Velasco pursuant to LRCiv 72.1 and 72.2 for further proceedings and a report and recommendation.

DATED this 23rd day of November, 2005.

_____
James A. Teilborg
United States District Judge

**TERMPSREF**                     - 4 -