IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| RODNEY D. MOORE  Petitioner,  vs.  DORA B. SCHRIRO, et al  Respondents. | No. CV 05-3285-PHX-JAT (BPV)  **REPORT AND RECOMMENDATION** |

Pending before the Court is Petitioner's *pro se* Amended Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 ("Petition"). Named as Respondent in the Petition is Dora B. Schriro. The Attorney General of the State of Arizona is named as an additional Respondent. Respondents filed an Answer ("Answer") to the Petition on February 16, 2006, with exhibits A through Z attached.

Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Bernardo P. Velasco for a Report and Recommendation.

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order denying the Petition.

...

...

...

...

# FACTUAL AND PROCEDURAL BACKGROUND

*Trial court proceedings*

On September 18, 2000, a grand jury in the Superior Court of the State of Arizona, Maricopa County, indicted Petitioner, Rodney Dureay Moore, on three counts involving the sale of narcotic drugs, all Class 2 felonies.  (Ex. B.)[1]

Petitioner entered a plea agreement with the State on January 30, 2001. Petitioner agreed to plead guilty to the attempted sale of narcotic drugs with one prior felony conviction, on Count 1, a Class 3, non-dangerous, repetitive offense, and the sale of narcotic drugs on Count 2, a Class 2 , non-dangerous, non-repetitive offense. The State agreed to dismiss Count 3 and the allegation of Petitioner's other prior convictions.  (Ex.C.)

The plea was entered and accepted before the trial court on January 30, 2001. (Ex. D.)  On March 2, 2001, the trial court sentenced Petitioner to the aggravated sentence of seven and a half years in the Department of Corrections ("DOC") on Count 1, with 163 days credit for presentence incarceration, along with a fine of $3,540, restitution of $61, and community supervision of thirteen months to follow completion of his sentence with DOC, but to be served concurrently with his sentence on Count 2.  The trial court sentenced Petitioner to three years of probation on Count 2, to begin running upon his release from DOC, along with a fine of $3,540 and 360 hours of community service.  (Ex. E.)  The trial court informed Petitioner at the time of sentencing that he had twenty days with which to file for post-conviction relief. (Ex. E, p. 10.)

---

[1] All exhibit references are references to the exhibits attached to the Government's Answer to the Petition unless otherwise indicated.

-2-

*First Petition for Post-Conviction Relief*

Petitioner filed a notice of post-conviction relief in state court on June 6, 2001. (Ex. F.) The trial court appointed counsel on June 27, 2001. (Ex. G.) Appointed counsel filed a "Notice of Completion of Post-Conviction Review by Counsel; Request for Extension of Time to Allow Defendant to File Pro Per Petition for Post-Conviction Relief" on January 15, 2002. (Ex. H.) The trial court granted an extension of time to March 1, 2002, to allow petitioner to file a pro per petition for post-conviction relief. (Ex. I.)

Petitioner filed a "Pro Per Petition for Post-Conviction Relief" on February 1, 2002. The petition was based upon an "attached Memorandum," however, no memorandum was attached. (Ex. J.) The trial court entered a minute entry on February 25, 2002, stating that the trial court was "unable to consider granting relief" because there was no memo attached. (Ex. K.)

Petitioner submitted a "Petitioner for Post Conviction Relief Pursuant to Rule 32.1(a)(b) & (c)" on March 4, 2002. (Ex. L.) The petitioner raised six claims for relief:

(1) The court was without jurisdiction to render judgment or impose sentence;

(2) The conviction violated the United States and Arizona Constitutions due to the lack of the establishment of an adequate factual basis for the plea;

(3) The court aggravated the sentence without first setting forth aggravating circumstances;

(4) Counsel was ineffective where counsel fell below an objective standard of reasonableness;

(5) The court erred in imposing an illegal sentence upon defendant; and

-3-

(6) The presentence report "showed prejudice." (Ex. L.)

The trial court accepted the petition and allowed the State forty-five days to respond. (Ex. M.) The court reviewed the file and, finding no response by the State, on November 6, 2002, the trial court ordered the State to provide a copy of any response to the court if they had filed a response; that if no response had been filed, that they had until November 29, 2002 to file a response or file a notice stating that it did not intend to file a response. (Ex. N.)

On December 11, 2002, Petitioner filed a "Motion for Clarification/Reconsideration on Order Allowing the State to File an Untimely Response." On January 10, 2003, the State simultaneously filed a "Response to Petition for Post-Conviction Relief" and a "Motion to Allow Filing of Delayed Response to Petition for Post-Conviction of Relief." (Exs. P,Q.)

On February 26, 2003, the trial court granted the States motion to allow the delayed filing and denied Petitioner's petition for post-conviction relief for the "reasons given by the State in its Response" to the petition, and dismissed the petition. (Ex. R.)

Petitioner does not contend that he sought review of his first petition for post-conviction relief. (See Petition, p.2.) Respondents contend that he did not seek review of the petition to the Arizona Court of Appeals, attaching a printout of the docket sheet of Petitioner's state case in support of this uncontested assertion. (Ex. S.)

***Second Petition for Post-Conviction Relief***

Petitioner filed a second notice and petition of post-conviction relief on December 1, 2004. (Ex. T.) On February 7, 2005, the trial court found the petition untimely. (Ex. U.) The trial court further found that the exception to untimely filing, Rule 32.1(g), did not apply to Petitioner's second petition because *Blakely v.*

*Washington*, 124 S.Ct. 2531, (2004), which formed the basis for Petitioner's second petition for post-conviction relief, did not apply retroactively, and dismissed the petition as untimely.  (Ex. U.)

*Petition for Review*

Petitioner filed a "Petition for Review Rule 32– of Right Petition for Post-Conviction Relief" to the Arizona Court of Appeals on February 22, 2005.  (Ex. V.) The Petition for Review was denied without opinion on September 21, 2005.  (Ex. W.)

Petitioner filed the present Petition for Writ of Habeas Corpus on October 19, 2005 (Document # 1), and the Amended Petition on November 10, 2005 (Document # 4).  Respondents filed an Answer on February 14, 2006. (Document # 11.)  On February 27, 2006, Petitioner submitted a "Response to States Reply to Petition for Habeas Corpus" (Document # 12.)

## DISCUSSION

The writ of habeas corpus is available to "a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  The District Courts's standard of review is described as follows:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

-5-

28 U.S.C. § 2254(d).

### Timeliness

A one year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. 28 U.S.C. § 2244(d)(1).

The running of this one-year statute of limitations on habeas petitions for state convictions is tolled during any period when "a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" in any state court. *See* 28 U.S.C. § 2244(d)(2). Thus, the statute of limitations is tolled during the pendency of a state court action for post-conviction relief. 28 U.S.C. § 2244(d)(2).

Equitable tolling may be available even after the statute of limitations period has expired if "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. United States Dist. Ct. (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997), overruled on other grounds *Calderon v. United States Dist. Ct.,* 163 F.3d 530 (9th Cir. 1998)(en banc). The Ninth Circuit has noted that determinations of "whether there are grounds for equitable tolling are highly fact dependent." *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000)(*en banc*).

Equitable tolling is appropriate only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time, and is unavailable in most cases. *Miranda v. Castro* 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir.1999) and *Beeler*, 128 F.3d at 1288). The threshold necessary to trigger equitable tolling under the AEDPA is very high. *Miranda*, 292 F.3d at 1066 (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)).

**Analysis**

The Magistrate Judge finds that, pursuant to the AEDPA, the Petition filed in this Court is untimely. Petitioner had until one year after his conviction became final to file his federal petition.

Petitioner's conviction became final on March 2, 2001, the day Petitioner was sentenced by the trial court. See Ariz.R.Cri.P. 17.1(e); *Isley v. Arizona Dept. of Corrections*, 383 F.3d 1054, 1055 (9th cir. 2004) (Conviction becomes final at sentencing because entry of guilty plea waives right to appeal under Arizona law.) The limitations period began running on March 3, 2001 and ran for 95 days until it was tolled on June 6, 2001, when Petitioner filed his notice of post-conviction relief. *See Isley*, 383 F.3d at 1056.

The tolling period ended when the petition was denied on February 26, 2003, and the limitations period began running on February 27, 2003.[2] The limitations period ended on November 23, 2003.

The second petition for post-conviction relief was filed on December 1, 2004, after the limitations period had already lapsed. The filing of the second petition could not restart the statute of limitations because it had already lapsed. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003). Nor, having been rejected by the trial court as untimely, would it have tolled the limitations period as a properly filed petition. *See Pace v. DiGuglielmo*, 544 U.S. 408, 125 S.Ct. 1807 (2005) (Petition

---

[2] Because petitioner's subsequent petition was not limited to an elaboration of the facts related to the claims in the first petition, the second petition for post conviction relief constitutes a new round, and the gap between the denial of the first petition and the new petition is not tolled. *See King v. Roe*, 340 F.3d 821 (9th Cir. 2003) (New petition construed as part of the first full round if the petitioner is simply attempting to correct deficiencies attendant to the first petition.)

rejected as untimely not "properly filed" and not entitled to statutory tolling under § 2244(d)(2)).

Petitioner has not suggested any extraordinary circumstances that may be responsible for his tardiness in filing his Petition. Although Petitioner's lack of legal knowledge is evident from his reply in the instant case, the Ninth Circuit has recently held that "a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable." *Raspberry v. Garcia*, 448 F.3d 1150 (9th Cir. 2006).

Accordingly, the Magistrate Judge finds that the Petition is time-barred. The Magistrate Judge does not reach the respondent's alternate argument concerning procedural default.

**RECOMMENDATION**

For the foregoing reasons, the Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order DISMISSING the Amended Petition for Writ of Habeas Corpus (Doc. No. 4).

Pursuant to 28 U.S.C. §636(B), any party may serve and file written objections within ten days after being served with a copy of this Report and Recommendation. If objections are not timely filed, they may be deemed waived. If objections are filed, the parties should use the following case number: CV 05-3285-PHX-JAT.

DATED this 29th day of August, 2006.

_____
Bernardo P. Velasco
United States Magistrate Judge